UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| NEKITA DAVIS AND KAI'LI DAVIS | : | CIVIL ACTION NO.: _____ |
| VERSUS | : | JUDGE: _____ |
| NITEOWL 51 EXPRESS, GREAT WEST CASUALTY COMPANY AND WALTER DAVIS | : | MAGISTRATE: _____ |
| | : | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants, GREAT WEST CASUALTY COMPANY, NITEOWL 51 EXPRESS, and WALTER DAVIS, who file this Notice for Removal pursuant to 28 U.S.C. §1332 and 1441, to hereby remove this matter from state court to the docket of this Honorable Court, and respectfully represent the following:

## BACKGROUND

### I.

Nekita Davis, plaintiff herein, filed a lawsuit styled *"Nekita Davis and Kai'li Davis v. Niteowl 51 Express, Great West Casualty Company and Walter Davis"* bearing Docket Number *634,066-A*, filed in the 1st Judicial District Court in and for the Parish of Caddo, State of Louisiana, which State court is within the jurisdiction of the United States District Court, Western District of Louisiana, Shreveport Division. *(See Petition for Damages attached as Exhibit "1").*

### II.

The lawsuit arises out of a multi-vehicle automobile accident occurring on I-20 in Shreveport, Caddo Parish, Louisiana, on December 13, 2020, involving a 2006 Toyota Corolla operated by Nekita Davis, a 2014 International Prostar tractor owned by NiteOwl 51 Express and operated by Walter Davis, and a 2003 Lincoln Towncar, owned and operated by Frank Powell, III.

III.

On December 6, 2021, Plaintiff filed the subject lawsuit.  Great West Casualty Company was served a copy of the petition on December 16, 2021.  (See Exhibit "1").   Plaintiff has yet to effect long arm service upon Walter Davis and Niteowl 51 Express.

**BASIS OF REMOVAL**

IV.

This suit is removable to this Court under and by virtue of the federal statutes and acts of the Congress of the United States, including 28 U.S.C. § 1332 and 28 U.S.C. § 1441 in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See also Riley v. F.A. Richard & Assoc., Inc., 2002 WL 1973771, 4 (5th Cir. 2002).*

V.

Plaintiff, Nekita Davis individually, and on behalf of her minor child Kai'Li Davis, allege in the petition that both are residents of, and domiciled, in the Parish of Caddo, State of Louisiana. Accordingly, Plaintiff is a citizen of Louisiana.

VI.

Defendant, Great West Casualty Company is a corporation incorporated in the State of Nebraska, whose principal place of business is in South Sioux City, Nebraska. Accordingly, Great West Casualty Company is a citizen of Nebraska.

VII.

Defendant, Walter Davis is an individual who is a resident of, and domiciled, in the State of Florida.  Accordingly, Walter Davis is a citizen of Louisiana.

VIII.

NiteOwl 51 Express is an unincorporated entity owned by Walter Davis, with its principal place of business in Fort White, Florida.  Accordingly, Niteowl 51 Express is a citizen of the State of Florida.

IX.

Because plaintiff is a citizen of the State of Louisiana and all properly named and joined defendants are citizens of states other than Louisiana, complete diversity of citizenship exists among the parties.

X.

Under United States Fifth Circuit Court of Appeals precedent, a defendant may establish that the amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount. Grant v. Chevron Phillips Chem. Co., 309 F.3d 864, 868 (5th Cir. 2002).

XI.

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." Grant v. Chevron Phillips Chem. Co., 309 F.3d 864, 869 (5th Cir. 2002) (quoting De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995)).

XII.

Since Article 893 of the Louisiana Code of Civil Procedure prohibits plaintiffs from pleading a specific dollar amount of damages, no specific dollar amount is provided in the plaintiff's Petition.

For purposes of removal, however, it is facially apparent from the Petition that the amount in controversy exceeds $75,000, exclusive of interest and costs, as petitioner itemizes damages as encompassing past, present and future: 1) Medical expenses; 2) Pain and suffering; 3) Mental pain and anguish; 4) Functional limitations; 5) Lost wages and economic loss; 6) Loss of enjoyment of life; and 7) Property damages. (See Exhibit "1")

XIII.

Additionally, Plaintiffs have issued settlement demands with supporting medical records and bills, seeking compensation in the amount of $250,000 for Nekita Davis, and $75,000 for Kai'Li Davis. The settlement demands and medical records/bills are attached as Exhibit "2".

XIV.

Based on the allegations of plaintiff's Petition for Damages, and the settlement demands and medical records/bills, the amount in controversy exceeds $75,000, exclusive of interest and costs, for this Court to assume jurisdiction over this matter under 28 U.S.C. § 1332.

**REMOVAL PROCEDURE**

XV.

Based on the state court record, all defendants who have been properly served with plaintiff's Petition for Damages consent to the removal of this action. Lewis v. Rego Co., 757 F.2d 66, 68-69 (3d Cir. 1985) (observing that notice of removal filed before all non-resident defendants served with process still effective). See Cooper v. Sentry Select Ins. Co., 2008 U.S. Dist. LEXIS 82223 (W.D. La. Oct. 15, 2008) (holding that removal petition was not defective due to absence of consent, as proof of service had not been filed into the record and the removing party noted this in the removal petition).

XVI.

This Notice of Removal is filed within 30 days of the receipt by or service upon the defendant,

-4-

Great West Casualty Company, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

## XVII.

The state court action was commenced on December 6, 2021, and this removal has been filed within one (1) year after its commencement.

## XVIII.

While reserving all rights to assert dismissal due to forum non conveniens and improper venue, venue for removal is appropriate within the Western District of Louisiana because the matter is being removed from the 1st Judicial District Court, Parish of Caddo, State of Louisiana —a court which the Western District of Louisiana embraces.

## XIX.

Under 28 U.S.C. § 1446(d), the movers affirm that they will give written notice of this removal to all adverse parties and will file a copy of the Notice with the 1st Judicial District Court for the Parish of Caddo.

## XX.

Further pursuant to 28 U.S.C. § 1447(b) and LR 3.2, movers attach a copy all state court pleadings, including any answers, along with the return of service of process filed in state court so far. See Exhibit "1"

WHEREFORE, Defendants, GREAT WEST CASUALTY COMPANY, NITEOWL 51 EXPRESS, and WALTER DAVIS, pray that their Notice of Removal be deemed good and sufficient and that the aforesaid "Petition for Damages" be removed from the 1st Judicial District Court for the Parish of Caddo, State of Louisiana to this Honorable Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before

it copies of all records and proceedings in such civil action from such state court, and thereupon

proceed with the civil action as if it had been commenced originally in this Honorable Court.

Respectfully submitted,

**THE DILL FIRM, A.P.L.C.**


By: _____*S/Richard R. Montgomery*_____

      **JAMES M. DILL - 18868**
      **RICHARD R. MONTGOMERY- 21363**
      825 Lafayette Street (70501)
      Post Office Box 3324
      Lafayette, Louisiana 70502-3324
      Telephone: (337) 261-1408
      Facsimile: (337) 261-9176
ATTORNEYS FOR DEFENDANT, GREAT WEST
CASUALTY COMPANY, NITEOWL 51 EXPRESS,
and WALTER DAVIS

<u>**CERTIFICATE**</u>

**I HEREBY CERTIFY** that on this <u>14th</u> day of January 2022, a copy of the foregoing pleading was filed electronically with the Clerk of Court using CM/ECF system.  Notice of this filing will be sent to counsel for all parties to this proceeding by operation of the court's electronic filing system.

*S/Richard R. Montgomery*
**RICHARD R. MONTGOMERY- 21363**
